IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KVB, LLC, dba KLAMATH VALLEY
BOTANICALS, LLC, et al.,                    Civ. No. 10-699-PA

        Plaintiffs,

                                **ORDER**

   v.

ANCIENT SUN NUTRITION, INC.,
et al.,

        Defendants.

---

**PANNER, J.**

In this breach of contract action, defendants Ancient Sun
Nutrition, Inc. and Clive G. Adams move to dismiss or transfer.
I grant the motion and transfer this action to the United States
District Court for the Western District of North Carolina.

BACKGROUND

Plaintiff KVB, LLC, an Oregon company, harvests and
processes a blue-green algae, *Aphanizomenon flos aquae*. KVB
alleges that it shipped blue-green algae to defendant Ancient Sun
Nutrition, Inc. (Ancient Sun), and Ancient Sun has failed to pay

1 - ORDER

for the shipments.  Ancient Sun is a Delaware corporation with a single place of operation in North Carolina.

Plaintiff Oregon Algae, LLC, an Oregon company, alleges it agreed to sell blue-green algae to Ancient Sun and extended a line of credit to Ancient Sun.  Oregon Algae alleges that Ancient Sun has not paid amounts due, and that defendant Clive Adams personally guaranteed Ancient Sun's debts.

On June 11, 2010, Ancient Sun brought a breach of contract action against Oregon Algae and KVB in North Carolina state court, alleging that some of the Oregon companies' blue-green algae products were defective.  Oregon Algae and KVB promptly removed the action to the United States District Court for the Western District of North Carolina.

On June 18, 2010, Oregon Algae and KVB brought this action against defendants Ancient Sun and Clive Adams.  As defendants note, the Oregon action and the North Carolina action are "mirror images of one another."

On September 17, 2010, the United States District Court for the Western District of North Carolina denied Oregon Algae's and KVB's motion to transfer the North Carolina action to this court under 28 U.S.C. § 1404(a).  See Bloom Decl., Ex. 1.  The North Carolina court carefully evaluated a variety of factors in denying the motion to transfer.  The court concluded Ancient Sun's choice of forum outweighed the convenience of litigating in

Oregon for Oregon Algae and KVB.

This court may decline jurisdiction over an action if an action "involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). While the "first-to-file" rule should not be disregarded lightly, it "is not a rigid or inflexible rule to be mechanically applied." Id.

**DISCUSSION**

Plaintiffs concede that the prerequisites for the first-to-file rule are present, but argue that the rule should not apply because defendants "engaged in anticipatory filing." Courts have recognized anticipatory filing as an exception to the first-to-file rule. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991). After a comprehensive discussion, the North Carolina court rejected plaintiffs'[1] anticipatory filing argument:

> In the final analysis, the court cannot fault
> [Ancient Sun] for filing this action in this district
> as it is the district in which it has its production
> facilities. Further, the tenor of the emails sent by
> defendants' president [i.e., the president of
> plaintiffs here] would lead a reasonable person to
> believe that no amicable resolution could be reached
> with defendants, even through mediation, as the

---

[1] Because the actions are mirror-images of one another, the North Carolina court's references to "plaintiff" mean Ancient Sun, a defendant here, and the court's references to "defendant" or "defendants" mean KVB and Oregon Algae, plaintiffs here.

correspondence from defendants' president had
degenerated into vulgar, personal attacks on the
character of [Ancient Sun's] founder [i.e., defendant
Clive Adams]. The court simply cannot find that such
filing in this district was anticipatory inasmuch as
[Ancient Sun] had no reason to believe that defendant's
June 2010 threat [of litigation] was any more real than
the March 2010 threat. Inasmuch as defendants had
previously threatened litigation, there is no reason
not to believe that [defendants] filed this action in
this district when it did for the reasons given by Mr.
Adams in his affidavit.

Bloom Decl., Ex. 1, at 9 (citations omitted). I agree with the

North Carolina court that Ancient Sun did not engage in

anticipatory filing. I conclude that allowing both suits to

proceed would waste judicial resources and could result in

conflicting rulings. Because this is the second action filed, I

transfer it to the court where the first filed action is

currently pending.

**CONCLUSION**

Defendants' motion to dismiss or to stay or transfer (#8) is

granted. This action is transferred to the United States

District Court for the Western District of North Carolina,

Asheville Division.

IT IS SO ORDERED.

DATED this __15__ day of November, 2010.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

4  - ORDER